| | |
|---|---|
| Thomas A. Leghorn (TL-6244)<br>Anastasios P. Tonorezos (AT-8709)<br>Jeffrey J. Cunningham (JC-0726)<br>150 E. 42nd Street<br>New York, NY 10017<br>(212) 490-3000<br>(212) 490-3038<br>*Counsel for Movant Sherb & Co., LLP* | Hearing Date: _____, 2013 at 10:00 a.m.<br><br>Objection Date: _____, 2013 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHINA EDUCATION ALLIANCE, INC.,<br><br>  Plaintiff,<br><br>  -against-<br><br>SHERB & CO., LLP,<br><br>  Defendant. | Civil Action No.<br>1:13-CV-4381-RA<br><br><br>JUDGE: Ronnie Abrams |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER STAYING THE PRESENT ACTION AND COMPELLING ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), defendant SHERB & CO., LLP ("Sherb") respectfully requests the Court to compel arbitration of the claims set forth in plaintiff's complaint and stay further action in this matter pending resolution of the motion to compel arbitration that is before the Court, or in the alternative, to dismiss for failure to state a claim. In support of this request, Sherb relies upon this Memorandum of Law, the accompanying Declaration of Thomas A. Leghorn, and the exhibits attached thereto.

There is good cause for Sherb's requests. As explained more fully below, plaintiff, CHINA EDUCATION ALLIANCE, INC. ("CEA") brought this action against Sherb alleging, *inter alia*, breach of contract and professional malpractice related to alleged audit services performed by Sherb. See accompanying Declaration of Thomas A. Leghorn, dated

5675755v.1

August 14, 2013[1], Exh. "A". Significantly, as admitted in the complaint, CEA and Sherb entered into engagement agreements containing unambiguous arbitration agreements that require the parties to arbitrate any disputes. See Leghorn Declaration, Exh. "A", Compl. ¶8. Therefore, the Court should compel arbitration in accordance with the terms of the engagement agreements and stay this matter pursuant to the FAA. In the alternative, the Court should dismiss this matter for failure to state a claim for which relief can be granted and/or for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

As referenced in the Complaint, CEA and Sherb entered into engagement letter agreements dated January 20, 2010 and January 3, 2011 (the "Agreements"). See Leghorn Declaration, Exhs. "A", Compl. ¶8; "B" and "C". The Agreements provided for Sherb to furnish certain accounting and auditing services to CEA. See Leghorn Declaration, Exhs. "B" and "C". The Agreements also unambiguously set forth arbitration in lieu of litigation. See Leghorn Declaration, Exhs. "B" and "C". Specifically, the engagement letters set forth identical "Dispute Resolution Procedure" provisions which read:

> If any dispute, controversy or claim arises in connection with the performance or breach of this agreement, and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then such dispute, controversy or claim shall be settled by arbitration in accordance with the laws of the State of New York and the then current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association, except that no pre-hearing discovery shall be permitted unless specifically authorized by the arbitration panel, and shall take place in New York City, unless the parties agree to a different locale.

See Leghorn Declaration, Exhs. "B" p. 5 and "C" p. 4.

According to the Complaint, on April 12, 2011, Sherb issued an audit report on CEA and its subsidiaries for the fiscal year ended December 31, 2010 (the "Audit Report"). See Leghorn Declaration, Exh. "A". Compl. ¶ 9. The Audit Report was included in CEA's Form

---

[1] Declaration of Thomas A. Leghorn, dated August 14, 2013, is referred to herein as "Leghorn Declaration".

10-K for the fiscal year ended December 31, 2010 filed with Securities and Exchange Commission (the "Commission") on April 15, 2011. See Leghorn Declaration, Exh. "A". Compl. ¶ 9. Sherb also performed interim reviews of CEA's financial information for the quarterly periods of March 31, 2010, June 30, 2010, September 30, 2010, March 31, 2011, June 30, 2011, and September 30, 2011 (the "Interim Periods"). See Leghorn Declaration, Exh. "A". Compl. ¶ 10.

The Commission instructed CEA to file a Form 8-K with the Commission. See Leghorn Declaration, Exh. "A". Compl. ¶ 15. CEA allegedly retained another auditor to audit CEA's financial information for the fiscal year of December 31, 2010 and review the Interim Periods. See Leghorn Declaration, Exh. "A". Compl. ¶ 16. On our about June 25, 2013, CEA brought the instant lawsuit against Sherb. See Leghorn Declaration, Exh. "A". Compl.

## ARGUMENT

**I.     The Court Should Compel Arbitration of the Claims Set Forth in the Complaint**

The FAA "provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable.'" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citing FAA, 9 U.S.C.§ 2.)[2] Furthermore, the FAA leaves "no place for the exercise of discretion … but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issue as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc., 470 U.S. at 218 (emphasis in the original) (citing FAA, 9 U.S.C.§§ 3,4); accord Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. § 4) (holding that the FAA authorizing compelling arbitration when a party "has failed, neglected, or refused to comply with an arbitration agreement"). The FAA also

---

[2] The FAA, 9 U.S.C. § 2, provides, in pertinent part: A written provision in any...contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof..., shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

provides for stays of district court litigation when an issue is referred to arbitration. Gilmer, 500 U.S. at 25 (citing 9 U.S.C. § 3).

The Supreme Court has repeatedly held that the FAA requires the enforcement of pre-dispute arbitration agreements included in. Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (2013); AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001); Gilmer, 500 U.S. at 24 (1991).

As explained below, CEA and Sherb agreed to multiple engagement agreements that each contained clear and unequivocal language by which they agreed to arbitrate any claims arising out of Sherb's services. Accordingly, the Court must compel arbitration and stay this matter pending arbitration.

**A. Sherb and CEA Entered into Pre-Dispute Agreements that Require Arbitration of the Claims Set forth in the Complaint**

Due to the strong federal policy favoring arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). When deciding motions to compel arbitration in cases that do not involve Federal statutory claims, the Second Circuit has directed District Courts to examine "(1) whether the parties agreed to arbitrate disputes at all; and (2) whether the dispute at issue comes within the scope of the arbitration agreement." Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d 24, 28 (2d Cir. 2002); accord Moss v. Rent-a-Center, 2007 WL 2362207 at *4 (E.D.N.Y. Aug. 15, 2007).

To determine "whether parties agreed to arbitrate a certain matter," Courts should apply generally accepted principles of contract interpretation to determine whether there is an agreement to arbitrate. First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995). However, "broadly phrased arbitration agreements create a presumption of arbitrability which is only overcome if the arbitration agreement is not susceptible to an interpretation that

covers the controversy." <u>Moss v. Rent-a-Center</u>, 2007 WL 2362207 at * 8 (E.D.N.Y. Aug. 15, 2007) (citing <u>Bank Julius Baer & Co. v. Waxfieid</u>, 424 F.3d 278, 284 (2d Cir. 2005)). Indeed, "the presumption in favor of arbitrability is greater when the arbitration clause is broad. <u>Imperatore v. Putnam Lovell NBF Securities,</u> 2006 WL 648214 at * 2 (S.D.N.Y. March 15, 2006) (quoting <u>McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light</u>. 858 F.2d 825, 832 (2d Cir. 1988)). When the agreements are analyzed under this standard, it is clear that the claims set forth in the Complaint must be arbitrated.

In this case, there is no dispute that multiple pre-dispute engagement letters between the parties contain unambiguous arbitration provisions that cover this dispute. Indeed, in the complaint, plaintiff concedes, that the parties entered into the agreement, which contains a mandatory arbitration clause that requires the parties to arbitrate any dispute concerning Sherb's services. Compl. 8. Even a brief examination of these agreements demonstrates that the claims asserted in the complaint "come within the scope of the arbitration agreement," <u>Ace Capital</u>, <u>supra</u> 307 F.3d at 28. Indeed, CEA signed and acknowledged the engagement letters that dictate mandatory arbitration to resolve any disputes. In that agreement, CEA and Sherb agreed to arbitrate:

> …any dispute, controversy or claim arises in connection with the performance or breach of this agreement, and cannot be resolved by facilitated negotiations (or the parties agree to waive that process) then such dispute, controversy or claim shall be settled by arbitration in accordance with the laws of the State of New York and the then current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association...

<u>See</u> Leghorn Declaration, Exh. "B," p.5 and Exhibit "C," p. 4.

The plain language of these agreements demonstrates that CEA agreed to arbitrate *any dispute against Sherb* that arose from Sherb's services under the engagement agreements. Given the breadth of this language, the presumption of arbitrability is particularly strong. <u>Imperatore</u>, 2006 WL 648214 at * 2. The claims asserted in the Complaint clearly come

within the scope of this arbitration agreement.

In light of the plain language of the pre-dispute engagement letters with arbitration agreements executed by CEA and Sherb, and the strong federal policy favoring arbitration, <u>Opals on Ice Lingerie, Designs by Bernadette v. Bodylines.</u> 320 F.3d 362, 369 (2d Cir. 2003), this Court must compel arbitration.

## II. The Court Must Stay This Action Pending Arbitration

Moreover, as the claims asserted in the Complaint are subject to mandatory arbitration, the FAA requires the Court to stay this proceeding. Section 3 of the Federal Arbitration Act provides that once a District Court determines that a claim is subject to mandatory arbitration, it:

> … *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3 (emphasis added).

Thus, pursuant to the FAA, all judicial proceedings must be stayed once "the court is satisfied that that the issue is arbitrable under an arbitration agreement." <u>Sinnett v. Friendly Ice Cream Corp.</u>, 319 F.Supp.2d 439, 443 (S.D.N.Y. 2004); see also <u>MBNA America Bank. N.A. v. Hill</u>. 436 F.3d 104 (2d Cir. 2006) (citing <u>Shearson/Am</u>. <u>Express, Inc. v. McMahon</u>. 482 U.S. 220, 226 (1987)) ("A court has a duty to stay its proceedings if it is satisfied that the issue before it is arbitrable.").

As explained above, CEA and Sherb agreed to arbitrate any controversy arising from Sherb's services. Accordingly, the Court must refer CEA's claims to arbitration and stay this matter pending resolution of the arbitration.

## III. In the alternative, the Court should dismiss the Complaint because it fails to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6)

In this action, CEA is seeking damages based on purported auditing services provided by Sherb. The controversy is clearly within the scope of the arbitration agreement quoted

above, and the agreements provide that such disputes must be arbitrated. As such, CEA is contractually bound to seek any relief against Sherb only from an arbitration panel, not this Court. Therefore, the Complaint must be dismissed as this Court does not have subject matter jurisdiction over this dispute pursuant to FRCP 12(b)(1) and/or for failing to state a cause of action for which relief can be granted pursuant to FRCP 12(b)(6).

## CONCLUSION

For the foregoing reasons, Sherb respectfully requests the Court to compel arbitration of the claims alleged in the Complaint and to stay all proceedings in this Action pending arbitration. In the alternative, Sherb asks that the Court dismiss the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated:  New York, NY
        August 15, 2013

                    Respectfully submitted,

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:  */s/ Thomas A. Leghorn*
     Thomas A. Leghorn (TL-6244)
     Anastasios P. Tonorezos (AT-8709)
     Jeffrey J. Cunningham (JC-0726)
     150 E. 42nd Street
     New York, NY  10017
     Tel:   (212) 915-5234
     Fax:   (212) 490-3038
     Email: Thomas.Leghorn@WilsonElser.com
     Attorneys for SHERB & CO., LLP

TO:   SICHENZIA ROSS FRIEDMAN FERENCE LLP
       61 Broadway 32nd Floor
       New York, NY 10006
       (212) 930-9700
       Attn: Sameer Rastogi, Esq.
       Christopher Pisacane, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2013, a true and correct copy of MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER STAYING THE PRESENT ACTION AND COMPELLING ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS was filed electronically with the Court using the CM/ECF system, which sent notification to the following parties:

SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway 32nd Floor
New York, NY 10006
(212) 930-9700
Attn: Sameer Rastogi, Esq.
Christopher Pisacane, Esq.

/s/ Thomas A. Leghorn
Thomas A. Leghorn

5675755v.1